United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INSURANCE COMPANY,

    Plaintiff,

  v.

EZRA TIMOTHY HOYT AND HEATHER HOYT COOPER,

    Defendants.

_____/

No. C 11-3650 CW

ORDER DISCHARGING PLAINTIFF AND ADMINISTRATIVELY CLOSING CASE

    This is an interpleader action that Plaintiff Metropolitan Life Insurance Company (MetLife) has filed to relieve itself of liability for claims as to certain outstanding life insurance benefits.  MetLife has named two siblings, Heather Hoyt Cooper and Ezra Timothy Hoyt, as Defendants.  MetLife funds and administers group life insurance benefits under the AT&T Inc. Medical and Group Life Insurance Plan.  Jeanne Hoyt, an AT&T Inc. employee, enrolled in the Plan, and subsequently died in 2007 allegedly at the hands of her son, Ezra Hoyt.  Under the terms of the Plan, the benefits would be distributed in equal parts to Ezra and Heather, as Jeanne Hoyt's surviving children, but due to Ezra's alleged

role in her death, there is a question as to whether he is entitled to a share of the benefits.

Ezra has been placed in Napa State Hospital for treatment for severe mental illnesses.  The criminal proceedings against him have been suspended until his competency is restored.  On December 7, 2007, Heather sent a letter to MetLife stating that her brother was responsible for her mother's death and that if he were not convicted, she wished to contest any payments he would receive from Metlife, pursuant to the Plan.  However, Heather has not yet appeared in this litigation.  Nor has Ezra's appointed Sonoma County Public Conservator.

On January 12, 2012, MetLife moved for an order authorizing it to deposit with the Court benefits payable under the terms of the Plan, including applicable interest, within twenty days.  In addition, MetLife requested that, upon making such deposit, the Court discharge MetLife, AT&T Inc. and the Plan from any further liability to both or either Defendant with regard to the Plan benefits and enjoin Defendants permanently from further assertion of claims relating to the Plan benefits that became payable under the terms of Plan as a result of Jeanne Hoyt's death, except by interpleader and assertion of such claims in this action.

On February 23, 2012, the Court held a hearing and, for the reasons stated in the record, granted MetLife's motion to deposit the funds with the Court.  The Court further ordered MetLife to submit a copy of the Plan policy for future reference, in the event Defendants seek to litigate their entitlement to the remaining Plan benefits.

2

On March 29, 2012, MetLife deposited with the Court a check for $61,844.68, equal to the principal amount of remaining life insurance benefits payable under the Plan, $58,000, plus applicable interest, $3,844.68.  On March 30, 2012, MetLife submitted the Administrative Record maintained in connection with the Plan and benefits at issue in this action, including the Summary Plan Description.

Having received the funds from MetLife, the Court discharges MetLife, AT&T Inc. and the Plan from any further liability to both or either Defendant with regard to the Plan benefits.  Defendants are enjoined permanently from further assertion of claims relating to the Plan benefits that became payable under the terms of Plan as a result of Hoyt's death, except by interpleader and assertion of such claims in this action.

The case shall be administratively closed.  If either Defendant seeks to collect the benefit funds held by the Court, he or she may move to reopen the case.  If Ezra is convicted or found not guilty by reason of insanity, Heather may move for the funds and the Court will be inclined to award them.

IT IS SO ORDERED.

Dated: 4/11/2012

CLAUDIA WILKEN
United States District Judge